UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>LUCIANO A. SAPIENZA, and )<br>NORTH SOUTH POLAR, INC. )<br>)<br>        Defendants. ) | Civil Case No. |

# COMPLAINT

NOW COMES Plaintiff, the United States of America, on behalf of its agencies the U.S. Department of Homeland Security ("DHS") and the United States Coast Guard ("USCG") (collectively, the "United States" or "Plaintiffs") and hereby files the instant Complaint pursuant to the federal False Claims Act, 31 U.S.C. § 3729 *et seq.*, and in support thereof allege as follows:

## I. Summary of Action

1. This is a civil action against North South Polar, Inc. ("NSP") and its president and chief executive officer, Luciano A. Sapienza ("Sapienza") (together, "Defendants"), for violations of the federal False Claims Act. NSP and Sapienza entered into Contract HSCG23-13-C-MAV203 with the United States Coast Guard on about July 11, 2013, to provide "support services for the validation, excavation, and extrication of the World War II (WWII) Era J2F-4 Grumman Duck Aircrew and effects from the suspected crash site located in Greenland at 65°08'0.52"N 40°59'55.16"W (WGS-84) in accordance with the appended work statement" with a period of performance of July 11, 2013, through October 22, 2013 (the "2013 Contract").

2. In connection with its provision of services under the 2013 Contract, the Defendants violated the False Claims Act by converting multiple pieces of equipment to which the United States held title, specifically, two (2) Hotsy 1075SSE Hot Water Pressure Washers and parts ($8,030), one (1) Pulse 8X underwater metal detector and parts ($3,299), and one (1) Enerco Heater and parts ($3,373), for a total of $14,702 in conversion-derived false claims, in violation of 31 U.S.C. § 3729(a)(1)(D).

## II.  Jurisdiction and Venue

3. This Court has jurisdiction over the claims brought by the United States under the federal False Claims Act pursuant to 28 U.S.C. §§ 1331, 1345 and 31 U.S.C. § 3732(a).

4. This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a) both because Defendants transacted business in this District and because their acts proscribed under 31 U.S.C. § 3729 occurred in this District.

5. Venue is proper in this District under 31 U.S.C. § 3732(a) and 28 U.S.C. §§ 1391(b), 1391(c), because Defendants transacted business in this District and/or because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## III.  Parties

6. Plaintiff the United States is acting on behalf of its federal agencies, DHS and USCG.

7. Defendant NSP was formed in 2010.  NSP was incorporated on December 21, 2011 in the State of New York with a primary business address of 117 Norfolk Drive, East Hampton, New York 11937.

8. Defendant Sapienza is a resident of Rockland, Maine.

9. During the timeframe relevant to this action, Sapienza held ownership of and exercised control over NSP, oversaw its operations and finances, held hiring and payment authority over all employees of NSP, was responsible for the contracts of NSP, and dictated where, when, and how the work of NSP proceeded and was performed.

## IV.  Applicable Law & Regulations

**A.     The Federal False Claims Act**

10. The False Claims Act, at 31 U.S.C. § 3729(a)(1)(D), provides that a person is liable to the United States Government for three times the amount of damages which the Government sustains because of the act of that person, plus a civil penalty for each such claim, for each instance in which the person "has possession, custody, or control of property or money used, or to be used, by the Government and knowingly delivers, or causes to be delivered, less than all of that money or property."

11. The False Claims Act defines the term "knowingly" under 31 U.S.C. § 3729(b)(1)(B) to mean that a person, with respect to information, "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information."

12. Pursuant to 31 U.S.C. § 3729(b)(1)(B), no proof of specific intent to defraud is required.

## V.  Factual Background

**A.     USCG and NSP Enter Into a Contract**

13. On July 11, 2013, the USCG and NSP entered into Contract HSCG23-13-C-MAV203, to provide "support services for the validation, excavation, and extrication of the World War II (WWII) Era J2F-4 Grumman Duck Aircrew and effects from the suspected crash site located in Greenland at 65°08'0.52"N 40°59'55.16"W (WGS-84) in accordance with the

appended work statement" with a period of performance of July 11, 2013, through October 22, 2013 (the "2013 Contract").

14. Defendant Sapienza signed the 2013 Contract as Chief Executive Officer of Defendant NSP on July 11, 2013.

15. Included in the 2013 Contract and setting forth the obligations of Defendant NSP under the 2013 Contract, is a Performance Work Statement (PWS) for the Validation, Excavation, and Extrication of the WWII Era J2F-4 Grumman Duck Aircrew – Summer 2013 Mission for the Joint POW/MIA Accounting Command (JPAC) and U.S. Coast Guard Office of Aviation Forces (CG-711) ("Performance Work Statement" or "PWS").

16. The Performance Work Statement, Section 4, Contractor Furnished Property, specifies that the "Contractor shall furnish all facilities, materials, equipment and services necessary to fulfill the requirements of the PWS."

17. Section 4 of the PWS also states that "[t]itle passes to the Government for reimbursed equipment" and "[a]ll Government reimbursed equipment must be presented to the Government with no damage other than fair wear and tear."

18. Defendants knew that the 2013 Contract required NSP to return equipment that had been purchased to fulfill the requirements of the PWS and for which purchases NSP had been reimbursement by the Government.

**B.   Defendants Obtain Reimbursement for Non-Consumable Equipment**

19. Pursuant to the PWS, Defendants purchased and obtained reimbursement from the Government for two (2) Hotsy 1075SSE Hot Water Pressure Washers and parts, in the amount of $8,030, corresponding to the actual cost of those items.

20. Pursuant to the PWS, Defendants purchased and obtained reimbursement from the Government for one (1) Pulse 8X underwater metal detector and parts, in the amount of $3,299, corresponding to the actual cost of those items.

21. Pursuant to the PWS, Defendants purchased and obtained reimbursement from the Government for one (1) Enerco Heater and parts, in the amount of $3,373, corresponding to the actual cost of those items.

22. The above-referenced four items of equipment (the "Equipment") were non-consumable items, with the title to that property passing to the Government upon reimbursement, for a total value of $14,702.

**C.   Defendants Knowingly Refuse to Deliver the Equipment to the Government**

23. Upon completion of the period of performance under the 2013 Contract, Defendants knowingly refused to deliver the Equipment to the Government.

24. Instead, Defendant Sapienza sold the Equipment on eBay.

*   *   *   *   *

**Count I: Conversion of Government Property**
(United States; 31 U.S.C. §§ 3729(a)(1)(D), 3730(a))

25. Paragraphs 1 through 24 are realleged as though fully set forth herein.

26. Defendants, by and through their refusal to present the Equipment to the Government upon conclusion of the 2013 Contract knowingly delivered less than all of the property owned by the Government, in violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(D.

27. Because of Defendants' acts, the United States sustained damages in an amount $14,702, and therefore is entitled to treble damages under the False Claims Act, plus civil penalties for each violation.

### Count II: Unjust Enrichment
(United States & Maine; Common Law)

28. Paragraphs 1 through 28 are realleged as though fully set forth herein.

29. Defendants were unjustly enriched through the value of the equipment they refused to deliver to the Government at the conclusion of the 2013 Contract. The circumstances of Defendants' refusal to return that equipment are such that, in equity, Defendants are liable for the value of that equipment, specifically $14,702.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs the United States and Maine request that judgment be entered in their favor and against Defendants as follows:

A. On Count I (Violation of 31 U.S.C. § 3729(a)(1)(D)), for treble the United States' damages, in an amount to be determined at trial, plus civil penalties for each false claim presented, together with all such relief as may be just and proper;

B. On Count I for an award of fees and costs pursuant to 31 U.S.C. § 3729;

C. On Count II (Unjust Enrichment), for an accounting and for the amounts by which Defendants were unjustly enriched, in an amount to be determined at trial, together with costs and interest; and

D. All other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

The United States demand a jury trial in this case pursuant to Federal Rule of Civil Procedure 38(b) of all claims and issues so triable.

Dated: March 11, 2021      Respectfully submitted,
      Portland, Maine

DONALD E. CLARK
Acting United States Attorney

*/s/ John G. Osborn*
John G. Osborn, Civil Chief
Assistant U.S. Attorney
100 Middle Street
East Tower, 6th Floor
Portland, Maine 04101
(207) 780-3256
john.osborn2@usdoj.gov